IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CV-00193-BO

| | | |
|---|---|---|
| LARRY NOBLE BEACH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motion [DE 24] is **GRANTED**, Defendant's motion [DE 27] is **DENIED**, and the decision of the Commissioner is **REVERSED and REMANDED** for further proceedings consistent with this opinion.

I. BACKGROUND

The Plaintiff filed concurrent claims for disability insurance benefits and supplemental security income on January 16, 2008 alleging disability commencing July 30, 2007. His claims were denied at the initial level on February 26, 2008, and upon reconsideration on April 25, 2008. On May 16, 2008 Plaintiff filed his request for a hearing. His hearing was held on February 10, 2009 before Administrative Law Judge (ALJ) Todd S. Colarusso. On February 26, 2009, ALJ Colarusso denied the Plaintiff's claims. Plaintiff requested Appeals Council review on January 6, 2010. The Appeals Council denied Mr. Beach's request for review on October

29, 2010 and ALJ Colarusso's decision then became the Commissioner's final determination. Having exhausted his administrative remedies, Plaintiff commenced this civil action by filing a complaint on December 28, 2010. The Plaintiff and Defendant filed Motions for Judgment on the Pleadings on April 22, 2011 and June 17, 2011, respectively. A motions hearing was held on July 14, 2011 before the undersigned in Elizabeth City, North Carolina. In this posture, the parties' Cross-Motions for Judgment on the Pleadings are ripe for adjudication.

## II. DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an

2

Case 4:10-cv-00193-BO Document 32 Filed 08/14/11 Page 2 of 7

individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

A.  **The Five-Step Sequential Evaluation**

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. § 416.920. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. When substantial gainful activity is not an issue, at step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. If the claimant has a severe impairment, at step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing), 20 C.F.R. § 404, Subpart P, App. 1; if the impairment meets or equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a Listing, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his or her past work despite the impairments; if so, the claim is denied. If the claimant cannot perform past relevant work, at step five, the burden shifts to the Commissioner

3

to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work.

In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since his alleged onset date of July 30, 2007 (Tr. 13.) At step two, the ALJ determined that Plaintiff had sleep apnea, gout, and hypertension-impairments which the ALJ found to be "severe" within the meaning of the regulations (Id.) At step three, the ALJ determined that Plaintiff's impairments were not of a severity to meet or equal, singly or in combination, any pertinent section in the Listings (Tr. 14-15.)

The ALJ then found that Plaintiff retained the RFC to perform a significant range of light work, with prohibitions on: (1) climbing ladders, ropes, or scaffolds, (2) exposure to hazardous conditions in the work environment, and (3) exposure to fumes, odors, dusts, gases, or poor ventilation, The ALJ found, however, that Plaintiff could occasionally climb ramps and stairs, and frequently balance, stoop, kneel, crouch, and crawl (Tr. 15.)

At step four, the ALJ determined that Plaintiff could not perform the duties of his past relevant work (Tr. 19.) At step five the ALJ determined, with the aid of a vocational expert (VE) and using the framework of the Medical-Vocational Rules, that Plaintiff is able to perform the requirements of a storage facility rental clerk, mail clerk, and bench assembler. These occupations, the ALJ

4

found, exist in significant numbers in the national economy (Tr. 20.) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff assigns error to the ALJ's assessment of Plaintiff's treating physician's opinion and the ALJ's assessment of Plaintiff's noncompliance with treatment. Because the Court finds that the ALJ improperly evaluated the Plaintiff's treating physician's opinion, this case shall be remanded for further proceedings.

### B. The ALJ Erred In Assessing the Opinion of Plaintiff's Treating Physician

Treating source opinions are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). "By negative implication, if a physician's opinion is not supported by clinical evidence or it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590.

In this case, Dr. Frazier, Mr. Beach's treating physician, found that Mr. Beach was mentally slow and communicated poorly. Dr. Frazier opined that due to Plaintiff's weight, sleep apnea, hypertension and mentality, Plaintiff is not able to work (Tr. 362, 372.) On August 31, 2009 Dr. Frazier wrote in Mr. Beach's chart:

5

> "The patient is a young man who is 36 years old and he
> has lots of medical problems that would keep him from
> getting full employment. He has sleep apnea, obesity, and
> depression. He has decreased mentation, whether it is
> mental retardation or whether it is coming from his
> medical diseases. He has hypertension. The patient has
> not been able to afford the sleep apnea machine and use
> it as he should. I am trying to work out with a sleep
> specialist to help him get this machine updated.
>
> ...
>
> So in summary, it is my impression that this patient at
> the present time with his weight, sleep apnea,
> hypertension, and his mentality that he is not gainfully
> employable at the present time."

(Tr. 363.)

Further, on December 8, 2009 Dr. Frazier wrote:

> "The patient is a 36-year-old male that has obesity,
> sleep apnea, hypertension and he, at the present time, is
> definitely not able to work. He tried to work about 2
> years ago and he fell asleep at work and he fell asleep
> driving home and had an accident and states that he does
> not do much driving. He has been diagnosed as having
> sleep apnea, but the machine he has now is not working
> and he is trying to get another machine to help his sleep
> apnea. I have been trying to help him to lose weight,
> that would definitely help the sleep apnea, but he is
> having a difficult time with his mental capacity which is
> very low. His wife does most of the talking and thinking
> for him and says that he cannot remember anything. She
> cannot trust them to even make a phone call and that is
> the way he was in the office today that he just sits
> there and sleeps while I talk to his wife."

(Tr. 372.)

Dr. Frazier's opinions as Plaintiff's treating physician are well supported by the objective record evidence. Dr. Frazier completed a Residual Functional Capacity Assessment for Mr. Beach on April 19, 20101. Dr. Frazier noted that Mr. Beach has severe

breathing and memory problems (Tr. 377.) Dr. Frazier noted that Mr. Beach must periodically alternate standing and sitting because he would fall asleep after sitting for five minutes (Tr. 375.) The doctor also noted that Mr. Beach is limited in his ability to push and/or pull (including operation of hand and/or foot controls) because he would constantly fall asleep (Id.) This is consistent with Dr. Frazier's opinions from August and December of 2009.

The records also reveal Plaintiff's history of severe headaches (Tr. 233; 331; 368.) Plaintiff has daytime somnolence and moderately severe fatigue (Tr. 331), and he is noted to have gout in both feet, which is worsened by walking (Tr. 354).

Because Dr. Frazier's opinions are consistent with the record evidence, his opinion is entitled to controlling weight. Therefore, it was reversible error for the Defendant to not have afforded Dr. Frazier's opinion controlling weight. *Craig*, 76 F.3d at 590.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion [DE 24] is **GRANTED**, Defendant's motion [DE 27] is **DENIED**, and the decision of the Commissioner is **REVERSED and REMANDED** for further proceedings consistent with this opinion.

DONE AND ORDERED, this the _14_ day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7